# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHAD MCCUNE, et al. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | Case No 5:2009cv00107 |
| | § | |
| GRACO CHILDREN'S PRODUCTS, INC., et al., | § | |
| | § | |
| DEFENDANTS. | § | |

**AFFIDAVIT OF COLM BORAN**

| | |
|---|---|
| STATE OF MICHIGAN | § |
| | § |
| COUNTY OF OAKLAND | § |

Before me the undersigned authority, on this day personally appeared Colm Boran, who, on his oath, did depose and state as follows:

1. My name is Colm Boran. I am over eighteen (18) years of age, of sound mind, have never been convicted of a felony or crime involving moral turpitude, and fully competent to make this Affidavit. I have personal knowledge of the facts stated in this affidavit, and they are true and correct.

2. I have designed and developed the electronics for airbag systems for approximately 22 years. For the past eight (8) years, I have been employed by Autoliv ASP, Inc. ("Autoliv"). I currently hold the position of Director of Electronic Systems Integration in Autoliv Electronics America, an unincorporated division of Autoliv.

3. By virtue of my employment with Autoliv, I am familiar with the design, engineering and operation of Restraint Control Modules manufactured and sold by Autoliv to Ford Motor Company ("RCM"), including source code and algorithm related information used in such RCMs, and the codes used to record diagnostic fault data and crash data stored in the RCMs.

4. Upon information and belief, Autoliv supplied original equipment RCMs to Ford Motor Company for the 2005 model year Ford Explorer Sport Trac, which I am informed is the type of vehicle at issue in this case.

5. Autoliv considers the RCM source code, data decoding software, algorithm related information, and information regarding how to decode data stored in the RCM to be highly proprietary and confidential trade secrets of Autoliv. That information is not

publically available, generally known in the public, or even generally known within the restraint control industry. This information also cannot be readily ascertained or derived from publically available information. Autoliv maintains strict measures to ensure the confidentiality of its RCM source code, algorithms and data decoding information, and it has significant economic value. Autoliv does not even provide its RCM source code, algorithms, or data decoding documents to its customers into whose vehicles the RCMs are installed. Instead, manufacturers who purchase Autoliv RCMs like the one installed in the subject vehicle rely on Autoliv to decode the stored data and generate reports that describe the contents.

6. Autoliv's RCM software, source code, algorithms and data decoding documents were developed by Autoliv over the course of many years with a tremendous investment of resources. Autoliv has employed highly skilled engineers to develop RCM source code, algorithms and crash recording features in the RCM, spending more than 100 man years of effort and tens of millions of dollars.

7. I have reviewed the November 4, 2010 email from R. Douglas Gentile to H. Oertle requesting various documents in advance of Autoliv's downloading and decoding the data on the subject RCM. Most of the individual requests would threaten Autoliv's substantial investment and its ability to compete in the restraint control industry. For example, the first four requests and the seventh request all deal with how and where data is stored on the RCM. The fifth and sixth requests relate to other vital specifications for the RCM. The ninth, eleventh, and thirteenth requests relate directly to the proprietary decoding process.

8. When Autoliv sells an RCM to a vehicle manufacturer such as Ford, the vehicle manufacturer specifies the information that shall be recorded by the RCM. The recorded information typically includes, among other things, diagnostic data, crash force data, and airbag deployment data. The recorded data, and the way in which it is encoded, reveals significant details regarding the RCM source code and algorithms. Plaintiffs' requests for information in this case directly seek such information. If Autoliv's competitors were to acquire the detailed recorded information from an Autoliv RCM, they could create a copy with substantially similar performance, but without having to make the substantial financial and labor investment in development. Autoliv's proprietary RCM source code, algorithms, and data decoding tools are "differentiators" in competition for new business. If a competitor knows how Autoliv achieved this advantage, it might be able to modify or enhance its own design to eliminate Autoliv's competitive advantage.

9. Plaintiffs have requested information about where data is stored on the subject RCM and information about how to decode the data. Disclosure of the locations where data is stored in the RCM and information regarding how to decode the data stored in the RCM would gravely threaten Autoliv's business. That information, if disclosed, could be used to access, tamper with, erase, delete, create, alter, destroy, reset, or rewrite critical crash data stored within Autoliv RCMs. The ability to access, tamper with, erase, delete, create, alter, destroy, reset, or rewrite critical crash data stored within Autoliv RCMs would compromise the integrity of crash data in millions of vehicles equipped with Autoliv RCMs manufactured by Autoliv. Autoliv has never produced in product liability

litigation any information that might permit individuals to erase, reset, or rewrite critical crash data stored in RCMs manufactured by Autoliv.

Dated: December 10 2010

Colm Boran

Sworn and subscribed to me this 10 day of December, 2010.

Notary Public
Commission Expires: 01/13/2015

CH2\9347386.1