IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHAD MCCUNE *et al.*, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | Case No 5:2009cv00107 |
| | § | |
| GRACO CHILDREN'S PRODUCTS, INC. *et al.*, | § | |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANT GRACO CHILDREN'S PRODUCTS INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION
TO STRIKE GRACO EXPERT WILLIAM VAN ARSDELL**

Defendant Graco Children's Products Inc. ("Graco") respectfully submits the following brief in opposition to Plaintiffs' Motion to Strike Graco Expert William Van Arsdell (docket #88).

**<u>INTRODUCTION</u>**

This is not the first time plaintiffs' counsel has tried to prevent Dr. Van Arsdell from testifying about child restraint issues because of an alleged lack of qualifications. In 2008, they filed a nearly identical motion, and the District Court for the Northern District of Florida denied it, finding Dr. Van Arsdell was amply qualified to offer engineering opinions about the child restraint at issue in that case. Yet plaintiffs' counsel again make the same misrepresentations about his education, experience, and background they made previously. Their motion is disingenuous and not well taken.

Dr. Van Arsdell, who holds his doctorate in mechanical engineering from the Massachusetts Institute of Technology ("M.I.T."), has more than a decade of relevant, real-world experience in the testing and performance of motor vehicle and child restraint systems. On this basis alone, he is more than qualified to offer mechanical engineering opinions about the

TurboBooster at issue in this case.  Plaintiffs' concerns about Dr. Van Arsdell, at most, go to credibility, and not admissibility, of his opinions.  This Court should therefore deny plaintiffs' motion.

## ARGUMENT

### I.   Legal Standard.

An expert is qualified when "some reasonable indication of qualifications is adduced." *Rushing v. Kansas City S. Ry.*, 185 F.3d 496, 507 (5th Cir. 1999), *superseded on other grounds by* Fed. R. Evid. 103(a) (2000 amend.).  Where such indications exist, the expert's qualifications become an issue for the jury rather than for the court in its gate-keeping capacity.  *Id.* (finding engineer qualified and rejecting challenge to his "limited hands-on experience"); *see also United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1079 n.4 (5th Cir. 1996) (finding licensed engineer qualified and rejecting challenge to his non-technical career as "fodder for cross examination").  "Generally, the test for exclusion is a strict one, and the purported expert must have neither satisfactory knowledge, skill, experience, training nor education on the issue for which the opinion is offered."  *Thomas J. Kline Inc. v. Lurillard, Inc.,* 878 F.2d 791, 799 (4th Cir. 1989).  "[A]t a minimum, a proffered expert witness ...must possess skill or knowledge greater than the average layman."  *Waldorf v. Shuta,* 142 F.3d 601, 625 (3th Cir. 1998).

In comparison, an expert's lack of specialization is an argument about weight, rather than admissibility, of his opinion.  *See Hodges v. Mack Trucks, Inc.*, 474 F.3d 188, 194–95 (5th Cir. 2006) (finding engineer qualified and rejecting challenge that he was not a "door-latch specialist"); *Hill v. Universal Am-Can, Ltd.*, No. 04-CV-209, 2007 WL 4355041, at *3 (E.D. Tex. Sept. 4, 2007) (finding engineer qualified and rejecting challenge to his "lack of specialization"); *McGee v. Evenflo Co.*, No. 02-CV-259, 2003 WL 23350439, at *3 (M.D. Ga.

Dec. 11, 2003) ("[T]his Court does not find [expert's] qualifications to be particularly impressive in the precise area of child seat design and manufacturing; nonetheless, the Court does not find that the deficiencies in his training and professional experience, standing alone, warrant the exclusion of his testimony.  Simply stated, an expert's training does not always need to be narrowly tailored to match the exact point of dispute in a case."); "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden,* 571 F.3d 442, 452 (5th Cir. 2009).  Similarly, an expert's time spent testifying goes to bias and credibility, rather than admissibility, of his opinion.  *See United States ex rel. Barron v. Deloitte & Touche, LLP*, No. 99-CV-01093, 2008 WL 7136868, at *11 (W.D. Tex. Sept. 26, 2008).

## II.      Dr. Van Arsdell Is Qualified to Offer Opinions About the TurboBooster.

Plaintiffs' "pertinent background facts" section regarding Dr. Van Arsdell's qualifications is misleading and inaccurate.  This misrepresentation to the Court is particularly troubling given the number of times plaintiffs' counsel has previously encountered Dr. Van Arsdell in child restraint litigation, and their awareness of his qualifications and experience.

First and foremost, Dr. Van Arsdell is a licensed professional engineer in the Commonwealth of Massachusetts.  (*See,* Van Arsdell Aff., ¶1)[1]  He holds three different degrees in mechanical engineering, the last of which is a Ph.D. from the Massachusetts Institute of Technology, perhaps the leading and most highly regarded engineering school in the word (*Id.,* ¶2).  Dr. Van Arsdell's ten years of study concentrated on the sub-specialties of mechanical design, mechanics, and materials.  These engineering sub-specialties are the most directly

---

[1]   Dr. Van Arsdell's Affidavit is attached hereto as Exhibit A.

applicable engineering discipline to the design, testing and manufacture of products, including motor vehicles and child restraints. (*Id.*, ¶3.)

Accordingly, plaintiffs' claim that Dr. Van Arsdell's only engineering experience derives from his work as a litigation consultant is patently wrong. This argument ignores Dr. Van Arsdell's extensive background, well-known to plaintiffs' counsel, which is replete with experience outside the context of litigation in the area of restraint systems. First, Dr. Van Arsdell has non-litigation work experience at General Motors, Exponent, and Engineering Principles. At General Motors, Dr. Van Arsdell conducted research and performed design work for sport-utility vehicles and pick-up trucks. (*Id.* at ¶ 5.) While his work at General Motors did not directly involve restraint systems, it nonetheless applied the same basic principles of mechanical engineering as they apply to motor vehicles, which is at issue here. (*Id.*) At Exponent, he spent his first three years as a test engineer, designing and running tests on restraint systems in motor vehicles, including child restraints. (*Id.* at ¶ 6.) During those three years, he did not work as a litigation consultant. (*Id.*) He also consults on non-litigation matters at his current firm, Engineering Principles. (*Id.* at ¶ 9.)

Dr. Van Arsdell also has significant engineering experience in the field of crash analysis and the performance of restraint systems. Since finishing his formal education in 1997, in the nearly 15 years working in the field of mechanical engineering, he has run hundreds of crash tests designed to evaluate the performance of restraint systems, including more than 100 real-world accidents involving child restraints. (*Id.* at ¶ 10.) He has kept current on literature and research applicable to restraint issues, has published eight peer-reviewed articles related to restraint systems, and is a certified Child Passenger Safety Technician. (*Id.* at ¶¶ 11–13.) He is a guest lecturer regarding motor vehicle occupant protection at an engineering school, Olin

College in Massachusetts.  (*Id.* at ¶ 14.)  All of this experience, which is outside the context of testifying in lawsuits, renders Dr. Van Arsdell qualified to offer engineering opinions in this case.  *See Mommsen v. Toyota Motor Corp.*, No. 07-CV-455, 2008 WL 5427734, at *2 (W.D. Wis. Oct. 27, 2008) (finding that Dr. Van Arsdell was qualified to offer engineering opinions about the performance of vehicle restraint systems and noting that he had "performed hundreds of tests on seat belts"); *Hendrix v. Evenflo Co.*, 255 F.R.D. 568, 587–88 (N.D. Fla. Jan. 28, 2009) (finding that Dr. Van Arsdell was qualified to offer engineering opinions about a child restraint's performance and compliance with the applicable government standard).

Plaintiffs fault Dr. Van Arsdell's supposed failure to take "a single class dealing (generally or specifically) with child safety seats or automobile restraints."  (Pls.' Mot. 2.)  This spurious claim ignores the facts that:  1) there are no such classes offered at any major university (*Id.* at ¶ 4); 2) plaintiffs' own mechanical engineering expert, Gary Whitman, has never taken such classes either; and 3) Dr. Van Arsdell's two advanced degrees, including his doctorate from M.I.T., all dealt directly with mechanical design engineering, the engineering sub-specialty directly applicable to the performance of restraint systems (*id.* at ¶¶ 2–3).  Indeed, the curriculum vitae submitted by Mr. Whitman does not indicate that he ever took such a class, even if one does exit somewhere.  (*See,* Exhibit B, Prof. Biographical Outline of Gary R. Whitman at p. 2.) Most recently, the *Hendrix* court specifically rejected the claim that Dr. Van Arsdell's supposed failure to take an unidentified specialized class renders him unqualified.  *See Hendrix*, 255 F.R.D. at 587 ("[Plaintiff] argues that Van Arsdell should not be considered qualified based on the fact the he has not taken any college-level courses on vehicle restraint systems at the university level; however, the court is not aware that such courses even exist.").  Dr. Van

Arsdell's educational background clearly qualifies him to offer opinions about mechanical engineering topics.

Indeed, Dr. Van Arsdell is educationally more qualified to testify in this case than Mr. Whitman.   Mr. Whitman has only a bachelor's degree—and no master's or doctorate—in mechanical engineering.   (*See,* Exh. B, at p.2.)   Nothing, other than taking the coursework to become a certified child passenger safety technician, (which Dr. Van Arsdell has also taken), in Mr. Whitman's educational background is specific to occupant, much less child, restraints.   In sum, there is no lack of educational credentials in Dr. Van Arsdell's background that would justify striking his opinions in this case.

### III.   Plaintiffs' Complaints About Dr. Van Arsdell Go to Credibility, Not Admissibility, of His Opinion.

Most of plaintiffs' purported attacks on Dr. Van Arsdell go to credibility and bias, not to his qualifications, including the following:

- The extent he has worked as a litigation consultant;

- Whether he has ever been hired by manufacturers outside a litigation context;

- His never having designed a child restraint before; and

- The number of prior cases in which he has testified for Graco or another child restraint manufacturer.

Even assuming plaintiffs' representations about Dr. Van Arsdell's experience in those areas were factually accurate—which Graco disputes—they do not provide a basis on which this Court may exclude his testimony.   Rather, the law is clear that plaintiffs may cross-examine Dr. Van Arsdell on these areas because they relate to his credibility, but the court may not exclude

him on those grounds.  *See, e.g.*, *Hodges*, 474 F.3d at 195; *14.38 Acres of Land*, 80 F.3d at 1079 n.4.

Plaintiffs' reliance on *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791 (4th Cir. 1989) in this regard is misplaced.  There, the court excluded an expert who had an M.B.A. but who lacked any experience or education in the antitrust issues on which he sought to testify.  *Id.* at 800.  Here, in contrast, Dr. Van Arsdell holds three degrees, including a doctorate from one of the world's most well-regarded engineering schools, relating directly to the mechanical engineering issues discussed in his report, as well as the significant experience discussed above. The other cases cited by plaintiffs are similarly distinguishable.  *See Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 723–24 (7th Cir. 1999) (excluding a metallurgical expert's opinion on the medical aspects of welding fumes); *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (excluding physician's opinion on failure to warn because she admitted that she was not asked to testify on that topic); *Alfred v. Caterpillar, Inc.*, 262 F.3d 1083, 1088 (10th Cir. 2001) (excluding opinion where witness acknowledged that there are specialists in human factors, but that he was not one and he merely went to the library a week before trial); *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 596 (9th Cir. 1996) (excluding expert's testimony based on methodology, not lack of qualifications); *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006) (excluding expert's testimony because the opinions were not reliable, not because of lack of qualifications); *Tyus v. Urban Search Mgmt.*, 102 F.3d 256, 263–64 (7th Cir. 1996) (holding that district court *erred* by excluding the expert's testimony); *Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 615 (S.D.N.Y. 2007) (excluding expert's opinion based on "methodological flaws," not lack of qualifications); *Beryln Inc. v. Gazette Newspapers, Inc.*, 214 F. Supp. 2d 530, 537–38 (D. Md. 2002) (excluding a witness educated in engineering and

general business administration as unqualified to give expert opinions in antitrust or economic analysis); *Alexander v. Smith & Nephew, PLC*, 98 F. Supp. 2d 1310, 1315 (N.D. Okla. 2000) (excluding medical causation opinion where plaintiff argued a medical degree is qualification enough to opine about the sub-specialty of spinal injuries and the mechanical functioning of a spinal implant).

Dr. Van Arsdell's practical experience in child seat design evaluation through testing is unparalleled. Because of his impressive education and extensive experience as a test engineer, Dr. Van Arsdell was eventually retained by manufacturers of motor vehicles and child restraints to assist with litigation and non-litigation issues involving restraint systems. (*See,* Ex. A at ¶9.) His work over the last ten years has involved litigation issues, however, he has and continues to work on non-litigation projects. (*Id.*) For example, he has performed non-litigation consulting work for both automotive and child restraint manufacturers involving research, development and design issues pertaining to child restraint systems. (*Id.*) He has provided similar consulting services to an automobile manufacturer. (*Id.*) Dr. Van Arsdell's testing and evaluation experience pertaining to restraint systems may be unmatched by anyone in his field. Over the years Dr. Van Arsdell has been involved with hundreds of full scale crash tests and sled tests, and has investigated and evaluated hundreds of real world motor vehicle accidents—including about 100 collisions involving child restraints. (*Id.* at ¶10.) He has evaluated child restraint performance, mechanics, material selection, deformation and/or fracture of materials on numerous occasions involving various models of child restraints manufactured by several different manufacturers. (*Id.*) He has also reviewed and analyzed thousands of dynamic sled tests performed by automobile and child restraint manufacturers. (*Id.*) Through all this testing and investigation of real world accidents, he has become very familiar with the performance of

restraint systems in testing and accidents, the interaction of restraint systems with occupants and

test dummies, and the witness marks and physical evidence created during testing and real world

accidents.  (*Id.*)

To the extent plaintiffs criticize Dr. Van Arsdell for not having designed his own child

restraint, their expert cannot boast of such an achievement.  While Mr. Whitman, like Dr. Van

Arsdell, has done some consulting work years ago on some aspect of a child restraint design, he

has never been involved in the design or manufacture of a child restraint that was ever actually

manufactured and sold.  (*See,* Excerpts of Deposition Testimony of G. Whitman in various cases,

including the instant case, attached hereto as Exhibit C).

Finally, the fact that Graco has compensated Dr. Van Arsdell for his work in this case,

and that he makes a living in part by consulting on behalf of litigants, does not render him

unqualified to testify.  *See Barron*, 2008 WL 7136868, at *11 ("[N]either the fact that [expert],

like most of the other experts in this case, is being paid for his services, nor the fact that he is a

'litigation expert' renders him unqualified to testify." (citations omitted)).  Plaintiffs cite no other

case here that would serve to preclude Dr. Van Arsdell based on his work in the litigation

context.

The District Court in *Hendrix* rejected the same arguments plaintiffs make here and

found Dr. Van Arsdell qualified to testify in a case involving a child restraint:

> In the court's view, Hendrix has taken an overly narrow view of the test for
> qualification in Van Arsdell's case. For example, Hendrix argues that Van
> Arsdell should not be considered qualified based on the fact the he has not taken
> any college-level courses on vehicle restraint systems at the university level;
> however, the court is not aware that such courses even exist. Evenflo has
> adequately demonstrated Van Arsdell's experience in the relevant areas through
> his experience with crash testing, sled design, and occupant kinetics, including
> experience, including [*sic*] testing with crash dummies, notwithstanding the

absence from his educational background of a college level course in vehicle restraint systems. His multiple engineering degrees, numerous publications, dedicated concentration in the field of crash testing, and his NHTSA Child Passenger Safety Technician certification more than satisfy the court as to his qualification to offer his opinions in this case. Finally, the court rejects Hendrix's challenge to Van Arsdell's qualifications to opine as to Evenflo's compliance with FMVSS 213, a regulation promulgated by the National Highway Traffic Safety Administration (NHTSA) providing minimal performance requirements and a testing procedure for CRS modules. Van Arsdell's mechanical engineering background renders him qualified to opine on Evenflo's compliance with this standard; the court finds his conclusion is "of a type reasonably relied upon by experts in the particular field."

*Hendrix*, 255 F.R.D. at 587–88 (citations omitted).  This Court should apply the very same rationale here and deny plaintiffs' motion.

## CONCLUSION

For the reasons stated above, Graco respectfully requests that this Court deny plaintiffs' motion to strike Graco expert William Van Arsdell.

Respectfully submitted,

/s/ Heidi Oertle
Heidi Oertle

Joseph J. Krasovec, III
Heidi K. Oertle
Schiff Hardin LLP
233 S. Wacker, Suite 6600
Chicago, Illinois 60606
312-258-5500

John B. Greer III
Texas Bar No. 08420000
Greer & Miller
3512 Texas Boulevard
Texarkana, Texas 75503
(903) 791-9300

ATTORNEYS FOR DEFENDANT
GRACO CHILDREN'S PRODUCTS, INC.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on June 3, 2011, she filed the foregoing document on all counsel of record via ECF.

/s/ Heidi Oertle
Heidi Oertle

CH2\10022615.2