IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHAD MCCUNE, et al. | § | |
| | § | |
|    Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 5:2009cv00107 |
| | § | |
| GRACO CHILDREN'S PRODUCTS, INC. *et al.*, | § | |
| | § | |
|    Defendants. | § | |

**DEFENDANT GRACO CHILDREN'S PRODUCTS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE PLAINTIFFS' EXPERT ALLAN J. KAM**

Defendant Graco Children's Products, Inc. ("Graco") respectfully submits the following reply in support of its Motion to Exclude Plaintiffs' Expert Allan J. Kam (Doc. #84).

**INTRODUCTION**

Plaintiffs concede that they "hired Mr. Kam to . . . offer an opinion as to whether the TurboBooster complied with the minimum requirements of FMVSS 213." (Pls.' Resp. 2.) This opinion is exactly what Mr. Kam should *not* be allowed to testify about, because he lacks the necessary qualifications, and his opinions constitute rank speculation. Plaintiffs argue that it is fine for Mr. Kam—a lawyer with no engineering background whatsoever—to offer opinions about an engineering issue in this case simply because he has relied on the opinions of actual engineers. This argument misses the mark and ignores Rule 702 of the Federal Rules of Evidence and the spirit of *Daubert*.

**ARGUMENT**

    **I.    Mr. Kam Is Not Qualified to Offer Engineering Opinions.**

Plaintiffs' response does not explain how Mr. Kam, a former regulatory attorney without any training or experience in the field of engineering, is qualified to offer engineering opinions that the TurboBooster failed to comply with FMVSS 213. Instead, plaintiffs argue that Mr. Kam

is qualified because he "is allowed to draw on the expertise of others in qualifying as an expert" and "come to his opinion by relying on Graco's engineers as well as Plaintiffs' expert Gary Whitman." (Pls.' Resp. 4, 5.) But the law does not permit plaintiffs to bootstrap in the testimony of a non-qualified expert by reliance on other, supposedly qualified witnesses.

A witness does not become qualified as an expert simply because he relies on the opinions of another expert who might otherwise be qualified. *See Dura Auto. Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 614 (7th Cir. 2002) (affirming exclusion because a "scientist . . . is not permitted to be the mouthpiece of a scientist in a different specialty"); *Tokio Marine & Fire Ins. Co. v. Norfolk & Western Ry. Co.*, 172 F.3d 44 (4th Cir. 1999) (affirming exclusion of expert because he "may not give the opinion of another expert"); *Am. Key Corp. v. Cole Nat'l Corp.*, 762 F.2d 1569, 1580 (11th Cir. 1985) ("[e]xpert opinions ordinarily cannot be based upon the opinions of others"); *see generally* 29 C. Wright *et al.*, *Federal Practice and Procedure* § 6274 (2d ed. 1992 & Supp. 2010) (summarizing that exclusion is proper "where the witness relies on the findings of an expert in a different field and, because the witness is not an expert in that field, can only parrot and not critically evaluate those findings"). Mr. Kam is not an engineer; his parroting the opinions of actual engineers does not qualify him to offer engineering opinions.

Even the cases on which plaintiffs attempt to rely make clear that Mr. Kam is not qualified to offer engineering opinions that the TurboBooster failed to comply with FMVSS 213:

- "Mr. Kam is not directly testifying, nor is he qualified, on the ultimate issue whether the 1995 Town Car is defective." *Tiller v. Ford Motor Co.*, No. 03-CV-489, 2006 WL 166530, at *9 (M.D. Fla. Jan. 21, 2006).

- "Mr. Kam is precluded from testifying regarding . . . any opinion relating to vehicle window glass or window glazing." *Conrad v. Ford Motor Co.*, No. 001495, slip op. at 1 (Pa. Ct. Com. Pl. Dec. 3, 2008).

- "[I]t is the understanding of this Court that the Plaintiff's counsel

>intends to use Allan Kam as a fact witness, not as an expert witness, based upon his years of employment with the National Highway Traffic Safety Administration. The Court will permit the testimony of Mr. Kam as a fact witness, not as an expert witness." *Green v. Ford Motor Co.*, No. CV 2003-1794 BEW, slip op. at ¶ 1 (Ala. Cir. Ct. Apr. 14, 2006).

No case holds that Mr. Kam is qualified to offer testimony about engineering issues in a products liability suit. Rather, Mr. Kam's opinion "might be admissible if he were someone with expertise in the particular subject matter, such as an automotive design engineer or safety specialist, but they are not matters he is qualified to opine on by reason of familiarity with the administrative process." *Raley v. Hyundai Motor Co.*, No. CIV-08-0376, 2010 WL 199976, at *4 (W.D. Okla. Jan. 14, 2010).

Plaintiffs argue that Mr. Kam should be allowed to testify to rebut Graco's affirmative defense that compliance with applicable federal regulations renders a product non-defective. The right to rebut that defense does not render Mr. Kam's testimony admissible, however. Plaintiffs must prove first that Mr. Kam is qualified and then that his proffered testimony is reliable. As discussed above, he satisfies neither criteria.

Furthermore, if plaintiffs intend to rely on Mr. Kam to offer engineering opinions, he is redundant of their actual engineering expert, whose report offers the opinion that "the TurboBooster [fails] to comply with several requirements of FMVSS 213." (Whitman Report at 26, 41 (Doc. 90, Ex. B).) Whitman also testified that he believes compliance with FMVSS 213 is not sufficient to render a product safe. (*See* Whitman Dep., Feb. 23, 2011, Vol. I, 85:18–24 (Ex. A hereto).) There is no reason for Mr. Kam to testify if he is merely parroting Mr. Whitman's opinion that the TurboBooster contains a design defect that violates FMVSS 213.

**II.   Mr. Kam's Work at NHTSA Does Not Render His Speculation About the Motivation Behind FMVSS 213 or the Outcome of Graco Petitions to NHTSA Reliable Under *Daubert*.**

According to plaintiffs, because Mr. Kam is using the same methodology here that he

applied to matters he handled at NHTSA, his testimony is reliable. But as a NHTSA attorney, Mr. Kam did not use a methodology that entailed his pejorative comments that FMVSSs were "minimum performance standards," "rather lenient," or "not optimal." (*See* Kam Report 9–14.) Instead, he was required to apply the FMVSSs, as they were written, without value judgments as to his own subjective opinions about their adequacy. Mr. Kam admits he never worked on the proposed rulemaking for FMVSS 213, so he has no experience relevant to the formation of the car seat safety standard on which to speculate that industry lobbying weakened the regulations to the point of "leniency." Mr. Kam's opinion is pure speculation barred explicitly by *Daubert*. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993) (stating "knowledge" under Fed. Evid. R. 702 "connotes more than subjective belief or unsupported speculation").

Plaintiffs' attempt to liken Mr. Kam's methodology to that of Graco's NHTSA expert, Robert Hellmuth, is further misguided because Mr. Hellmuth *is* an engineer. He used his qualifications and engineering methodology to arrive at his opinion, which Mr. Kam, as someone lacking any training or experience as an engineer, is incapable of doing. Mr. Kam and Mr. Hellmuth are not the same kind of expert. Simply because plaintiffs "hired Mr. Kam to . . . offer an opinion as to whether the TurboBooster complied with the minimum requirements of FMVSS 213" does not render him qualified to offer that conclusion. (Pls.' Resp. 2.)

### III.   Mr. Kam's Opinion Is a Legal Conclusion and Invades the Province of this Court and the Jury.

The cases on which plaintiffs rely reiterate that Mr. Kam is not permitted to testify about legal conclusions, such as the adequacy of FMVSS 213 or whether the subject product violates an FMVSS. As the *Betts* court found:

> The key issue then, is whether Kam's testimony will include any opinions on whether the 1988 GMC Sierra was in violation of FMVSS 205 or whether the vehicle was defective. This court determines that Mr. Kam's proposed testimony does not include these types of legal conclusions, and the court will permit no such testimony at trial.

*Betts v. Gen. Motors Corp.*, No. 04-cv-169, 2008 WL 2789524, at *9 (N.D. Miss. July 16, 2008); *accord Evans v. Toyota Motor Corp.*, No. 03-CV-09, 2005 WL 3454456, at *6 (S.D. Tex. Aug. 9, 2005) (permitting Kam to testify only because he was not going to offer opinions about "whether the vehicle at issues was unreasonably dangerous, or whether defendants were grossly negligent"); *Reese v. Ford Motor Co.*, No. 2003-A-10881-1, slip op. at ¶ 12 (Ga. State Ct. Nov. 28, 2007) ("Mr. Kam will not testify about the adequacy of the FMVSS 207, nor will he provide testimony interpreting Motor Vehicle Safety Standards or about whether the Reese vehicle met FMVSS 207.").

Moreover, plaintiffs do not address Fifth Circuit precedent holding that legal argument in the guise of expert opinion should be excluded. (*See* Def.'s Mot. 6.) Instead, they cite inapposite cases admitting lawyers' testimony to establish the customs of lawyers. *See Waco Int'l, Inc. v. KHK Scaffolding Houston Inc.*, 278 F.3d 522, 533 (5th Cir. 2002) (admitting lawyer's testimony on what a reasonable lawyer needs to investigate and determine); *Huddleston v. Herman & MacLean*, 640 F.2d 534, 552 (5th Cir. 1981) (admitting lawyer's testimony on whether a lawyer would include standard language in a security prospectus); *United States v. Leuben*, 812 F.2d 179, 183–85 (5th Cir. 1987) (admitting bank examiner's testimony on whether statements would influence a loan officer). Those cases have no bearing on whether Mr. Kam may offer engineering opinions. The Court should reject plaintiffs' argument.

## CONCLUSION

For the reasons stated above and in its Motion to Exclude, Graco respectfully requests that this Court grant its Motion to exclude Allen Kam, from testifying at the trial of this matter.

Respectfully submitted,

/s/ Heidi Oertle

Joseph J. Krasovec, III
Heidi K. Oertle
Schiff Hardin LLP
233 S. Wacker, Suite 6600
Chicago, Illinois 60606
312-258-5500
312-258-5600 facsimile

John B. Greer III
Texas Bar No. 08420000
Greer & Miller
3512 Texas Boulevard
Texarkana, Texas 75503
(903) 791-9300
(903) 791-9301 facsimile

ATTORNEYS FOR DEFENDANT GRACO CHILDREN'S PRODUCTS, INC.

- 7 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 16, 2011, she filed the foregoing document on all counsel of record via the Court's ECF filing system.

/s/ Heidi Oertle
Heidi Oertle