IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHAD MCCUNE *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 5:2009cv00107 |
| GRACO CHILDREN'S PRODUCTS INC., | § § § | |
| Defendant. | § § | |

**GRACO CHILDREN'S PRODUCTS INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* (#5) CONCERNING
THE OBSERVATIONS OF JENNIFER AND WILLIAM CUMMINGS**

Defendant Graco Children's Products Inc. ("Graco") respectfully submits the following opposition to plaintiffs' Motion *in Limine* (#5) Concerning the Observations of Jennifer and William Cummings (Dkt. No. 138).

**I.    Introduction**

Plaintiffs' motion seeks to suppress the testimony of two individuals who personally witnessed Ms. McCune's "careless prohibited driving"[1] in the moments before, and at the time of, the collision between Ms. McCune's vehicle and the John Deere tractor.  This testimony is plainly admissible under well-established law, and the Court should deny plaintiffs' motion.

Like Ms. McCune, William and Jennifer Cummings were travelling south on I-65 on the day of the accident.  Mr. Cummings testified that, in the 20 minutes prior to the accident, Ms. McCune passed the Cummings' vehicle "about four or five times." (W. Cummings Dep. 16:21–24, Nov. 4, 2010) (attached as Ex. A).)  Ms. McCune last passed the Cummings' vehicle only one minute prior to the accident. (J. Cummings Dep. 12:10–18, Nov. 4, 2010) (attached as Ex.

---

[1] (*See* Police Rep., Dkt. No. 71, Ex. A (noting that Ms. McCune's "careless prohibited driving" was the only contributing factor to the accident).)

B).)  The Cummings' further testified that, after being passed by Ms. McCune immediately prior to the accident, they personally witnessed Ms. McCune collide with the rear of the tractor at an estimated speed in excess of 70 miles per hour.  (*See* W. Cummings Dep. 17:11–18:6 (Mr. Cummings testifying that Ms. McCune was driving "75 or 80 miles an hour" at the time of the accident); *see also* J. Cummings Dep. 17:7–12 (Ms. Cummings testifying that Ms. McCune "ran right over the tractor going at least 70 miles an hour").)  The Cummings both testified that they did not observe Carmen McCune take evasive action or apply brakes until the moment of impact.  (*Id.*)

Plaintiffs seek to exclude this testimony because it is harmful to their case.  However, the Cummings' testimony is directly relevant to Ms. McCune's negligence and proportionate responsibility in increasing the forces of the accident that caused J.M.'s injuries.  Indeed, excluding this testimony would only strip the jury of the information it needs to intelligently apportion fault, as it is required to do under Texas law.  Tex. Civ. Prac. & Rem Code Ann. § 33.003 (Vernon 2011).  For the reasons that follow, Plaintiffs' motion should be denied.

**II.    Argument**

    **A.    The Cummings' Testimony Is Relevant.**

Plaintiffs first argue that the Cummings' testimony is inadmissible because Carmen McCune has "accepted full responsibility for causing the collision."  (*See* Pls.' Mot. 1.) Notwithstanding that Ms. McCune's supposed acceptance of responsibility is an eleventh-hour construct by her attorneys that flatly contradicts her sworn testimony at deposition (C. McCune Dep. 203:6–19, Aug. 19, 2010 ("I will not take full responsibility . . . for hitting [the tractor]"), Dkt. No. 45, Ex. B.), the plaintiffs' argument is nothing more than an attempt to strip Graco of its lawful defenses to this action.  Graco refers to and incorporates its response to plaintiffs' motion *in limine* #1, seeking to exclude Graco's defenses, and its Motion *in Limine* to Allow Evidence

of Regarding Carmen McCune's Fault in Causing the Occurrence and J.M.'s Injuries (Dkt. No. 134). The manner in which Ms. McCune caused the accident and J.M.'s injuries is directly relevant, and the Cummings' testimony is therefore admissible.

### B.  Testimony Regarding Ms. McCune's Driving in the Minutes Preceding the Accident Is Admissible.

Jennifer and William Cummings witnessed Ms. McCune's driving in the short time period immediately preceding the accident up through and including the accident itself. Although plaintiffs argue that all such testimony is inadmissible because it is "too remote," their argument ignores not only that the Cummingses actually witnessed the accident occur, but relevant law as well. Indeed, it is black-letter law that "evidence as to the manner of driving before reaching the scene of the accident . . . is generally admissible." *See* 8 Am. Jur. 2d *Automobiles* § 1169 (2011); *Atl. Coast Line R. Co. v. Pidd*, 197 F.2d 153, 156 (5th Cir. 1950) (holding that the "[a]dmissibility of such evidence depends upon the facts of each case, and rests largely in the discretion of the trial court"). The most important factor affecting the admissibility of such evidence is the "degree of probability that the conduct continued until the accident occurred." 8 Am. Jur. 2d *Automobiles* § 1169 (noting that it is not the specific time or distance from the scene or accident that affects admissibility, but "the causal connection with the accident of the behavior the evidence proves"); *accord Bilgore & Co. v. Ryder*, 211 F.2d 855, 858 (5th Cir. 1954) (noting that testimony regarding a party's manner of driving at points several miles away from collision is relevant and has been properly admitted in federal courts across the country). Where, as here, a witness can testify as to the manner of a party's driving both prior to and at the time of the collision, such testimony is properly admitted. *Bilgore*, 211 F.2d at 858.

In *United States v. Uarte*, 175 F.2d 110 (9th Cir. 1949), for example, the plaintiff argued that admission of testimony that the plaintiff's car was travelling at "at 70 or 80 miles per hour at

a point a [four to 11] miles north of the point of the collision," was reversible error. *Id.* at 111–12. The appellate court disagreed, holding that the testimony of such witnesses was not only admissible and relevant, but that such testimony "gave rise to a legitimate inference that the [plaintiff's] car had been continuously driven at a high and dangerous rate of speed for several miles before it reached the scene of the accident . . . [and] caused the collision." *Id.* at 112. The "question of remoteness," that plaintiffs now raise here with respect to the Cummings' testimony, goes only to the "probative value of such evidence," which is properly "considered and weighed by the trier of facts." *Id.*; *see also Dromey v. Interstate Motor Freight Serv.*, 121 F.2d 361, 363 (7th Cir. 1941) (affirming admission of testimony that appellant was driving "terribly fast" and "like a skyrocket" for several miles prior to the accident); *Comins v. Scrivener*, 214 F.2d 810, 812 (10th Cir. 1954) (affirming admission of testimony that plaintiff had passed witness "at a terrific rate of speed, estimated by the witness to be ninety miles per hour" at a point up to ten miles from the site of the accident); *Hill v. Rolleri*, 615 F.2d 886, 891 (9th Cir. 1980) (affirming admission of testimony that defendant had "recklessly passed" the witness several minutes prior to the accident); *Proctor v. R.T. Herrin Petrol. Transp. Co.*, 322 S.W.2d 42, 45 (Tex. App. Ct. 1959) (affirming admission of testimony that plaintiff "was driving his car at a speed of 80 miles per hour on the wrong side of the road" at a point prior to the accident).

Here, the Cummingses witnessed the manner of Ms. McCune's driving for a short period of time before the accident, as well as at the time of the accident itself. The Cummingses therefore are able to testify that the manner of Ms. McCune's driving in the short time leading up to the accident continued until, and caused, the accident itself. Such testimony is plainly admissible under established law, and the cases cited by plaintiffs are easily distinguishable from the facts at bar.

In *DiGregorio v. Indus. Supply Corp. of Orlando, Inc.*, for example, plaintiff sued for injuries sustained in a motor vehicle accident caused, in part, by a truck negligently entering the roadway. 438 F.2d 303, 304 (5th Cir. 1971). The court noted that there was no evidence that plaintiff, who was not speeding at the time of the accident, was negligent. *Id*. After holding that the judgment for defendant should be reversed, the court, in *dicta*, addressed the testimony of two witnesses who saw plaintiff's vehicle stopped on the side of the road approximately one-and-one half mile from the site of the collision. *Id.* at 306. The court noted that admitting such testimony was in error because "[t]here was absolutely no connection with what occurred on the highway as a result of [the plaintiff] stopping her car, apparently to look for a sign, and her collision with the rear end of the truck." *Id*. The court in *DiGregorio* indicated that testimony that the plaintiff had stopped her car, at some point prior to the accident, was irrelevant to any issue to be decided. *Id.* Such irrelevant evidence stands in stark contrast to the testimony of Jennifer and William Cummings, which bears directly on the manner in which Ms. McCune was driving up to and including at the time of the collision at issue.

Plaintiffs' reliance on *Bilgore*, 211 F.2d at 857, is similarly misplaced. In that case, the appellate court held that the district court had not abused its discretion in excluding testimony regarding the speed of the plaintiff's car approximately three-quarters of a mile before the point of collision. *Id.* The intended purpose of that testimony was to establish the speed of the plaintiff's vehicle at the moment of impact. *Id*. at 858. The court held that such testimony was properly excluded for that purpose because the witness did not see the vehicle at the time of impact and could not testify that the plaintiff had continued at the same speed from the time the witness saw him until the time of the accident. *Id*. Such is not the case here, where both Jennifer and William Cummings actually witnessed the collision. The proffered testimony in this case, therefore, has the requisite foundation held necessary in *Bilgore*, as the Cummingses are in the

unique position of being able to testify regarding the manner in which Ms. McCune was driving — not only in the minutes prior to the accident — but also at the time of the accident itself.

### C. The Cummings' Testimony Regarding Ms. McCune's Speed Is Admissible.

Plaintiffs next argue that, even if the Cummings' testimony is admitted, this Court should exclude the Cummings' opinions regarding Ms. McCune's speed, because it is inadmissible opinion testimony under Fed. R. Evid. 701. (*See* Pls.' Mot. 3–4). Although plaintiffs argue that Ms. Cummings should not be able to testify as to Ms. McCune's speed because she has no specialized training "in judging the speeds of vehicles" (*id.* at 3), plaintiffs ignore the requisite foundation for the admissibility of lay opinion testimony regarding speed.

It is a general rule that "an estimate of the speed of a moving object may be given by any observer of reasonable intelligence and ordinary experience." *See* 32 C.J.S. *Evidence* § 784 (2011); *accord* 36 Tex. Jur. 3d *Evidence* § 619 (2011) ("[I]t is a general rule that any person of ordinary intelligence, who has had an opportunity for observation, is competent to testify on the issue of speed. It follows that a witness desiring to express an opinion on the matter need not show that he or she is an expert or that he or she has had any special experience in estimating speed." (citations omitted)). Indeed, the Fifth Circuit has held that:

> Unlike expert opinion, where the opinion is the product of applying special skill in some art, trade or profession acquired apart from the case, lay opinion expresses a conclusion drawn from observations in circumstances where it is impractical, if possible at all, to recount the observed factual components of the opinion. The common illustrations are an expression of opinion by a lay observer of a car's speed or a person's expression or emotional state (he was furious).

*United States v. Carlock*, 806 F.2d 535, 552 (5th Cir. 1986). Relying on *Carlock*, courts throughout this circuit have routinely permitted eyewitnesses "to express their opinions regarding the speed of an observed vehicle." *See, e.g.*, *Reed v. Tokio Marine & Nichido Fire Ins. Co.*, No. 09-CV-0676, 2010 WL 1853566, at *8 (W.D. La. May 6, 2010) (allowing witness to

testify as to a vehicle's speed without expertise in that area) (citing *Brossette v. Swift Transp. Co.*, No. 07-0888, 2008 WL 480941 (W.D. La. Oct. 29, 2008); *Robinson v. Ryan*, No. 07-CV-74, 2008 WL 5111079 (N.D. Miss. Dec. 3, 2008)).

The Cummingses plainly had an opportunity to observe Ms. McCune's speed at the time of the accident, as they testified that Ms. McCune passed them no more than a minute prior to the collision. (*See, e.g.*, J. Cummings Dep. 12:10–18.) They continued to watch as Ms. McCune drove down the straight highway and collided into the back of the tractor. There was nothing obstructing their view. (*See, e.g.*, W. Cummings Dep. 17:1-10.) Accordingly, both Mr. and Ms. Cummings are qualified to testify as to their observations.

Plaintiffs next argue that the Cummingses should not be able to recount their observations as to Ms. McCune's speed because their vehicle was 400 yards away and travelling the same direction as Ms. McCune at the time of the accident. (*See* Pls.' Mot. 3). Plaintiffs' argument is misplaced, however, because "the Fifth Circuit has directly sanctioned the admissibility of eyewitness testimony regarding a vehicle's speed . . . despite evidence that it was difficult or impossible for the witness to estimate speed from his vantage point. Rather, . . . the circumstances of a witness's observation go to the weight of the testimony." *Reed*, 2010 WL 183566, at * 8 (citing *Ford v. Sw. Greyhound Lines*, 180 F.2d 934, 936 (5th Cir. 1950)).

In *Ford*, the court upheld the admission of a witness's testimony regarding the speed of a bus as it travelled toward him, overruling defendant's objections that such testimony would be "pure conjecture." 180 F.2d at 936. Although the court noted the "difficulties in estimating [the] speed" of an oncoming vehicle, the court held that such difficulties "go[] only to the weight of the evidence [as] the weight of authority on this very question accepts such evidence." *Id*. (holding that Texas courts "have been quite liberal in admitting opinion evidence as to the speed of motor vehicles.").

Therefore, the fact that Ms. McCune's vehicle was 400 yards away from the Cummings' when they witnessed the accident does not render the Cummingses unable to offer their observations regarding Ms. McCune's speed. *Id.* Instead, that distance, and the alleged effect it may have had on the Cummings' ability to accurately observe Ms. McCune's speed, goes to the weight, rather than admissibility, of that testimony. *Id.*

Finally, plaintiffs attempt to draw a distinction between an "estimate" and an "opinion." This argument fails for several reasons. First, whether the Cummingses used the word "opinion" or "estimate" regarding their observations of Ms. McCune's speed is a distinction without a difference. Indeed, in the very cases that speak to the admissibility of such testimony, the courts refer to such testimony as a witness's "estimate" of a party's speed. *See, e.g.*, *Ford*, 180 F.2d at 936 ("Of course one facing an oncoming vehicle has difficulties in *estimating* its speed, but we think that handicap goes only to the weight of the evidence," not its admissibility (emphasis added)). Accordingly, plaintiffs' argument that such "estimates" are inadmissible is wholly without merit. Additionally, and notably, plaintiffs do not even appear to agree with their own arguments. Indeed, in plaintiffs' deposition designations of Bobby Jackson's testimony, plaintiffs have designated testimony containing Mr. Jackson's opinions and "estimate" of Carmen McCune's speed. (*See* Pls.' Dep. Desig. at 4, Dkt. No. 112 (designating the following testimony: "Q: **Are you able to estimate** for us how fast the McCune Vehicle, the Ford Explorer, was going when it passed you? A: Yeah. She was probably going **about 60, if I had to estimate**.") (emphasis added).) That plaintiffs have done exactly what they now argue Graco should be precluded from doing speaks volumes as to the lack of merit of their arguments.

### III.    Conclusion

Jennifer and William Cummings' eyewitness testimony as to Carmen McCune's driving up to and at the time of the accident is directly relevant and admissible. For the reasons stated

- 9 -

above, Graco respectfully requests that this Court deny plaintiffs' Motion *in Limine* (#5) Concerning the Observations of Jennifer and William Cummings (Dkt. No. 138).

Respectfully submitted,

/s/ Heidi Oertle
Joseph J. Krasovec, III
Heidi K. Oertle
Schiff Hardin LLP
233 S. Wacker, Suite 6600
Chicago, Illinois 60606
312-258-5500
312-258-5600 facsimile

John B. Greer III
Texas Bar No. 08420000
Greer & Miller
3512 Texas Boulevard
Texarkana, Texas 75503
(903) 791-9300
(903) 791-9301 facsimile

Jeffrey S. Patterson
Hartline Dacus Barger Dreyer LLP
6688 N. Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 346-3701
(214) 267-4201 facsimile

ATTORNEYS FOR DEFENDANT
GRACO CHILDREN'S PRODUCTS INC.

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on July 29, 2011, she filed the foregoing document on all counsel of record via the Court's ECF system.

/s/ Heidi Oertle
Heidi Oertle