IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHAD MCCUNE *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 5:2009cv00107 |
| GRACO CHILDREN'S PRODUCTS, INC., | § § § | |
| Defendant. | § § | |

**DEFENDANT GRACO CHILDREN'S PRODUCTS INC.'S RESPONSE IN
OPPOSITION TO PLAINTIFFS' OPPOSED MOTION *IN LIMINE* (#4)
REGARDING THE USE OF STATISTICAL EVIDENCE**

Defendant Graco Children's Products Inc. ("Graco") respectfully submits its response in opposition to Plaintiffs' Opposed Motion *in Limine* (#4) Regarding the Use of Statistical Evidence (Dkt. No. 137).

## I. INTRODUCTION

Plaintiffs' motion, like many of their other motions, is an attempt to bury evidence they do not like because it contradicts their proffered evidence and experts' opinions. Specifically, plaintiffs have moved to exclude motor vehicle accident data (Graco exhibits 422–426), as well as "any evidence regarding statistics generally." (Pls.' Mot. 1.) To attain this overdrawn goal, plaintiffs have mischaracterized the record in this case and advanced the wrong evidentiary standard.

Plaintiffs' experts, Wayne K. Ross, M.D., P.C. and Gary R. Whitman, have offered opinions in this case based upon motor vehicle accident data. (*See* Whitman Rep. 12–13 (Dkt. No. 90, Ex. B); Ross Rep. 28 (Dkt. No. 90, Ex. E).) From this data, Dr. Ross and Mr. Whitman have concluded that J.M. would not have received his injuries during the subject crash but for the

separation of one of the armrests from the base of the TurboBooster child restraint. (*See* Whitman Rep. 12–13; Ross Rep. 25, 28.)

Graco has disclosed exhibits 422 through 426, which are the motor vehicle accident data compiled by National Highway Transportation Safety Administration (NHTSA) in its databases — the Crash Injury Research and Engineering Network (CIREN) and the National Automotive Sampling System Crashworthiness Data System (NASS/CDS). This motor vehicle accident data was relied upon by Graco's expert Catherine Ford Corrigan, Ph.D. to form her opinions. (*See* Corrigan Rep. 19–20 (filed as Ex. A to Graco's Resp. Pls.' Mot. *in Limine* #3).) Plaintiffs' expert Mr. Whitman also relied upon the same motor vehicle accident data to form his opinion. (*See* Whitman Rep. 12–13.) In their respective analyses, however, Dr. Corrigan and Mr. Whitman have reached diametric conclusions. (*See, e.g.*, Corrigan Rep. 20.)

Simply put, plaintiffs are attempting to bury the motor vehicle accident data because it contradicts their proffered evidence and experts' opinions. As set forth below, plaintiffs' motion should be denied because the motor vehicle accident data (Graco exhibits 422-426) was properly disclosed and because it is admissible under Rule 703 of the Federal Rules of Evidence.

**II.    ARGUMENT**

    **A.    Graco Properly Disclosed the Motor Vehicle Accident Data with Its Expert Report from Dr. Corrigan and Its Pretrial Exhibit List.**

Contrary to plaintiffs' claim that "none of these 'exhibits' are identified or referenced in any of Graco's expert witness disclosures" (Pls.' Mot. 1), Graco properly disclosed the motor vehicle accident data to which plaintiffs now object:

- Dr. Corrigan's report, which was timely disclosed to plaintiffs pursuant to Rule 26, relied upon and specifically cited motor vehicle accident data from Australia and the NASS/CDS, as well as the CIREN. (*See* Corrigan Rep. 19–20.)

- Graco timely filed its pretrial exhibit disclosures, which included the motor vehicle accident data previously disclosed in Dr. Corrigan's expert report. (Def.'s Ex. List at 18, (exs. 422–26) (Dkt. No. 116).)

- Plaintiffs have never requested a copy of Dr. Corrigan's file, and chose not to take her deposition.

The motor vehicle accident data disclosed in Dr. Corrigan's expert report was "detailed and complete" and in no way "'sketchy and vague' expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (quoting Fed. R. Civ. P. 26 advisory comm. notes). Dr. Corrigan described, in detail, her analysis of the NASS/CDS and CIREN, and the motor vehicle accident data that specifically resulted from her analysis. (*See* Corrigan Rep. 19–20.) For instance, Dr. Corrigan evaluated motor vehicle accident data in the NASS/CDS over the period from 1988 through 2007, limiting the incidences to "a child 1-4 years old, restrained in a forward facing toddler or booster seat in the rear seat of a vehicle, experiencing a frontal crash with a delta-V of 30 miles per hour or greater." (*Id.* at 20.)

In fact, plaintiffs are arguing against themselves and their own disclosures. The motor vehicle accident data that plaintiffs now seek to exclude is the very information relied upon by their expert. For example, according to Mr. Whitman's report, "NHTSA conducts a program called the [NASS/CDS] in which it investigates several thousand crashes a year and compiles the data in a computer database. From this database I studied those cases that were found to be frontal crashes with a Delta-V of 30 mph or greater, involving a child 1-5 years old, using a forwardfacing child safety seat." (Whitman Rep. 12–13.) It is impossible to square plaintiffs' argument here that the motor vehicle accident data "is a broad statistical analysis based on suspect data involving accidents which may or may not be remotely similar to the circumstances of the accident at issue" with their own disclosure and expert's reliance on the very same motor vehicle accident data. (*Compare* Pls.' Mot. at 4 *with* Whitman Rep. at 12–13.)

### B. The Motor Vehicle Accident Data Is Properly Admissible Under Rule 703 of the Federal Rules of Evidence.

The motor vehicle accident data (Graco exhibits 422-426) is also properly admissible under Rule 703 of the Federal Rules of Evidence.  Rule 703 permits the proponent of an opinion to disclose "[f]acts or data that are otherwise inadmissible" to the jury when "their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect."  Fed. R. Evid. 703; *accord id.* advisory comm. notes ("When information is reasonably relied upon by an expert and yet is admissible only for the purpose of assisting the jury in evaluating an expert's opinion, a trial court applying this Rule must consider the information's probative value in assisting the jury to weigh the expert's opinion on the one hand, and the risk of prejudice resulting from the jury's potential misuse of the information for substantive purposes on the other.").

Under Rule 703's balancing test, the motor vehicle accident data is probative.  Plaintiff's design defect claim requires the jury to consider the "magnitude and probability" of the risks of harm at issue, and analysis of the motor vehicle accident data "is probative as it will help the jury put the product's risk of injury in perspective, and determine whether such risk is unreasonable."  *Hernandez v. Ford Motor Co.*, No. C-04-319, 2005 WL 6240743, at *2 (S.D. Tex. July 20, 2005) (citing *Uniroyal Tire Co. v. Martinez*, 977 S.W.2d 328, 335 (Tex. 1998)) (rejecting relevance objection to an expert's opinion based on motor vehicle accident data).

Additionally, the motor vehicle accident data is probative to the jury's weighing the opinions proffered by Graco's expert Dr. Corrigan against those of plaintiffs' experts, Dr. Ross and Mr. Whitman.  (*See* Whitman Rep. 12–13; Ross Rep. 28; Corrigan Rep. 19–20.)  Plaintiffs surely are not arguing that the motor vehicle accident data underlying their own expert's

opinions is not probative. And if not, the motor vehicle accident data will assist the jury to evaluate the competing opinions of Mr. Whitman, Dr. Ross, and Dr. Corrigan. (*See* Whitman Rep. 12–13; Ross Rep. 28; Corrigan Rep. 19–20.)

Plaintiffs' prejudice argument about "substantial similarity" also misses the mark. (Pls.' Mot. at 2–4.) "The rationale underlying the showing of substantial similarity is that the jury is being invited to infer from the results of the other accident a conclusion about the accident in the case at bar." *Hernandez*, 2005 WL 6240743, at *2. By comparison, analysis of motor vehicle accident data does not implicate a showing of "substantial similarity" because it is not offered to reenact the accident. *Id.* at 2–3 (citing *Seese v. Volkswagenwerk A.G.*, 648 F.2d 833, 845–46 (3d Cir. 1981)); *Morales v. Am. Honda Motor Co.*, 151 F.3d 500, 511–12 (6th Cir. 1998)) (rejecting prejudice-misleading objection to an expert's opinion based on motor vehicle accident data); *Heath v. Suzuki Motor Corp.*, 126 F.3d 1391, 1396–97 (11th Cir. 1997) (affirming admittance of evidence from other accidents, which did not implicate "substantial similarity" doctrine by attempting to reenact the accident).

As in *Hernandez*, the motor vehicle accident data is not misleading here because it is "in the same class of accident." *Hernandez*, 2005 WL 6240743, at *3. Dr. Corrigan limited her analysis to incidences of "a child 1-4 years old, restrained in a forward facing toddler or booster seat in the rear seat of a vehicle, experiencing a frontal crash with a delta-V of 30 miles per hour or greater." (Corrigan Rep. 20.) And the motor vehicle accident data is not prejudicial so as to "inflam[e]" or "induce an emotional response on the part of the jury." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006) (citation omitted). Plaintiffs' prejudice argument reflects their overriding attempt to bury adverse evidence, but unfair prejudice does not result from evidence "that is merely adverse to the opposing party. Virtually all evidence is

prejudicial; otherwise it would not be material." *Id.* (rejecting prejudice argument based on the "substantially similar" doctrine). Therefore, under Rule 703's balancing test, the motor vehicle accident data is properly admitted, and the Court should deny the motion.

> **C. If the Court Permits Plaintiffs to Introduce Evidence of Other Incidents, Graco is Entitled to Submit Evidence Regarding the Total Number of TurboBoosters Sold.**

Graco does not intend to introduce evidence regarding the lack of other incidents involving armrest separations on the TurboBooster. Should the Court deny Graco's Motion *in Limine* to Exclude Evidence Regarding Other TurboBooster Incidents (Dkt. No. 133), however, and plaintiffs open the door by introducing evidence of other incidents, Graco would be entitled to introduce evidence of the total number of TurboBoosters sold and the small number of overall complaints in comparison. *See Hernandez*, 2005 WL 6240743, at *2 (admitting comparison of vehicle accident data to show "'magnitude and probability' of the risks of harm at issue . . . as it will help the jury put the product's risk of injury in perspective, and determine whether such risk is unreasonable"); *see also Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006) (reversing trial court's exclusion of evidence because litigant "opened the door to that evidence by arguing (and presenting witnesses)"). Graco disputes plaintiffs' claims that it cannot establish an adequate foundation for such evidence, should the occasion arise.[1] It would be premature for this Court to preclude such evidence without allowing Graco to first establish the

---

[1] Graco disagrees with plaintiffs' characterization of its Request to Produce number 8. Graco did not interpret that request as seeking information regarding how Graco maintains or catalogs consumer complaints regarding real-world accidents. Graco does indeed maintain such a system, and produced documents from that database to plaintiffs, upon their request. Graco disputes plaintiffs' representation that its response to Request to Produce number 8 would preclude evidence regarding this database, or Graco's receipt of a minimal number of real-world complaints regarding armrest separations, in the event plaintiffs are allowed to introduce evidence of those complaints.

necessary foundation (which, as plaintiffs concede, is not even firmly established in the Fifth Circuit).

### III. CONCLUSION

The Court should deny plaintiffs' attempt to squelch evidence they do not like, and allow the jury to weigh any contradictions in the evidence in this case. For the reasons set forth above, Graco respectfully requests that the Court deny Plaintiffs' Opposed Motion *in Limine* (#4) Regarding the Use of Statistical Evidence (Dkt. No. 137).

Respectfully submitted,

/s/ Heidi Oertle
Joseph J. Krasovec, III
Heidi K. Oertle
Schiff Hardin LLP
233 S. Wacker, Suite 6600
Chicago, Illinois 60606
312-258-5500
312-258-5600 facsimile

John B. Greer III
Texas Bar No. 08420000
Greer & Miller
3512 Texas Boulevard
Texarkana, Texas 75503
(903) 791-9300
(903) 791-9301 facsimile

Jeffrey S. Patterson
Hartline Dacus Barger Dreyer LLP
6688 N. Central Expressway, Suite 1000
Dallas, Texas 75206
(214) 346-3701
(214) 267-4201 facsimile

ATTORNEYS FOR DEFENDANT
GRACO CHILDREN'S PRODUCTS INC.

- 8 -

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on July 29, 2011, she filed the foregoing document on all counsel of record via the Court's ECF system.

>                                           /s/ Heidi Oertle
>                                           Heidi Oertle