IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHAD MCCUNE *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 5:2009cv00107 |
| GRACO CHILDREN'S PRODUCTS, INC., | § § § | |
| Defendant. | § § | |

**GRACO CHILDREN'S PRODUCTS INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' COMBINED MOTION *IN LIMINE* (#7 – #18)**

Defendant Graco Children's Products Inc. ("Graco") respectfully submits the following opposition to plaintiffs' Combined Motion *in Limine* (#7 – #18) (Dkt. No. 145).

**I.  Motion *in Limine* #7 – No Reference to "Approval" of the Graco TurboBooster by NHTSA**

To the extent that plaintiffs' motion is directed at preventing an argument or any implication by Graco that the National Highway Traffic Safety Administration (NTHSA) provides official "approvals" of child restraints in the form of certifications, as for example the Federal Drug Administration approves drugs, Graco does not oppose the motion.  Graco is entitled, however, to present evidence regarding the government's independent crash testing of the TurboBooster and the findings in those tests—specifically, that in seven tests between 2002 and 2006, NHTSA's testing found that the TurboBooster complied with the requirements set forth in FMVSS 213.  Such results are directly relevant to this action, and Graco reserves the right to introduce evidence of that testing.

## II. Motion *in Limine* #8 – Existence of the "Black Box" in the Ford Truck or to Plaintiffs' Objections to Downloading It

Graco will not offer evidence regarding plaintiffs' attempts to block access to the black box data on the subject Ford Explorer Sport Trac or the reasons why the black box was never ultimately downloaded. Graco reserves the right, however, to refer to the fact that the black box existed, and that lack of black box data impaired the accident reconstruction analysis in this case. As plaintiffs' own accident reconstruction expert testified, any information about the delta-V contained on the black box would be relevant to his analysis. (*See* Jerry Wallingford Dep. 81:6–81:12, Feb. 11, 2011 (attached as Ex. A).) The lack of this information goes to the credibility of plaintiffs' experts' conclusions about the severity of the crash and the likelihood J.M. would sustain injuries during the accident, and is thus relevant to this case. *See, e.g.*, *BP Prods. N. Am. Inc. v. J.V. Indus. Co.*, No. 07-2369, 2010 WL 1708316, at *3 (S.D. Tex. Apr. 27, 2010) (stating that a party is entitled to challenge the underlying factual basis of an expert's opinions through cross-examination); *Allen v. Ford Motor Co.*, No. 09-100, 2010 WL 3791037, at *3 (E.D. Tex. Sept. 23, 2010) (holding that a party may challenge the basis of an expert's opinion through cross-examination).

## III. Motion *in Limine* #9 – Testimony that Graco's Witnesses or Employees Use or Have Ever Used the Graco TurboBooster

Graco will not elicit testimony that Graco's experts have used the TurboBooster with their own children. However, testimony by Graco employees about their own use of the subject product may be relevant to this case, and Graco reserves the right to elicit such testimony. As part of the routine design process, Graco employees often field-test products. Their own use of the product would thus be relevant to the design process of the TurboBooster. The Court should deny Motion #9 with respect to Graco employees.

### IV. Motion *in Limine* #10 – Evidence Regarding the Claims Brought Against Carmen McCune by Chad McCune to Obtain the Proceeds of Carmen's Automobile Insurance

Graco will not reference the existence of Carmen McCune's automobile insurance or the reasons why Chad McCune sued his wife in a state court proceeding. However, Graco disputes plaintiffs' characterization that the existence of the state court lawsuit or the admissions made by Chad McCune in the verified complaint in that case have no probative value here.

On August 20, 2008, Chad McCune filed a Petition against Carmen McCune in Collin County, Texas. (*See* Pl.'s Original Pet., No. 417-02490-2008 (Dist. Ct. Tex. filed Aug. 20, 2008) (attached as Ex. B).) Plaintiffs argue that their admission in this case—made for the first time in the pretrial order, and after Carmen McCune expressly denied fault at her deposition—that Carmen McCune was at fault for causing the accident renders evidence of Chad McCune's suit against Carmen McCune, and admissions he made in that complaint, irrelevant. But plaintiffs' admission in this case relates only to fault for the *accident*, not fault for the cause of J.M.'s *injuries*. In the state court complaint, however, Chad McCune alleged that "[S.P.] and [J.M.] sustained personal *injuries* and incapacities to their body due to the negligence of Defendant, Carmen McCune[.]" (*Id.* at ¶II (emphasis added).) He further alleged, "Defendant is or was guilty of certain acts or omissions which constitute lack of ordinary care or negligence proximately causing the *injuries* and damages in question[.]" (*Id.* at ¶III (emphasis added).) Because plaintiffs will argue in this case that Carmen McCune was responsible for the accident, but not J.M.'s injuries, these admissions are relevant.

"When a party in a lawsuit makes an admission in its pleadings or in its answer to a request for admissions, it makes a judicial admission that can determine the outcome of the lawsuit." *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) (citing *Murrey v. United States*, 73 F.3d 1448, 1455 (7th Cir. 1996)); *see also Martinez v. Bally's Louisiana, Inc.*,

244 F.3d 474, 476 (5th Cir. 2001) ("A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them."). A judicial admission "has the effect of withdrawing a fact from contention." *Martinez,* 244 F.3d at 476; *see also Murrey*, 73 F.3d at 1455 ("A judicial admission trumps evidence."). It is conclusive and cannot be contradicted by affidavit or other evidence. *See id*. "Pleadings" are defined by Fed. R. Civ. Pro. 7(a) and include a party's complaint. Indeed, numerous cases in the Fifth Circuit have held that statements by a party in a complaint constitute judicial admissions. *See, e.g.*, *Johnson v. Houston's Rest., Inc.,* 167 Fed. App'x 393, 395 (5th Cir. 2006) (holding that a party is "foreclosed from now arguing . . . contrary to the facts alleged in his complaint."); *Franco v. City of Corpus Christi*, 254 F.3d 1081 (5th Cir. May 16, 2001) (finding that an admission in amended complaint constitutes an admission); *Sanford v. Johns-Manville Sales Corp.,* 923 F.2d 1142, 1148 (5th Cir. 1991) (same).

Graco is therefore entitled to cross-examine Mr. McCune as to the admissions contained in this complaint because they relate directly to Graco's affirmative defense that Carmen McCune's negligence was the cause of not only the accident, but J.M.'s injuries. *See* Fed. R. Evid. 801(d)(2)(A); 32 C.J.S. *Evidence* § 547 (2011) ("An admission in a pleading in one action may be received in evidence against the pleader or his or her successor in interest on the trial of another action to which he or she is a party, in favor of a party to the latter action, provided the admission is relevant and material to the issues involved in such action."). These admissions can be introduced in such a manner so as not to reference any collateral sources.

There is further no merit to plaintiffs' claim that introduction of these admissions would be unduly prejudicial to them. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 427 (5th Cir. 2006) (rejecting Fed. R. Evid. 403 objection and stating, "'Unfair prejudice' as used in rule

403 is not to be equated with testimony that is merely adverse to the opposing party"). Based on their relevance to the case, the Court should deny plaintiffs' Motion #10 with respect to admissions contained in the complaint.

> V. **Motion *in Limine* #11 – Opinions From the Investigating Police Officer Regarding the Cause of the Crash**

Arkansas State Trooper Hitchcock investigated this accident and prepared a report containing his findings as a result of that investigation. Plaintiffs now seek to exclude Trooper Hitchcock's report and testimony about his investigation to the extent he offers opinions about the accident. Plaintiffs' motion is not well taken and should be denied.

Plaintiffs rely on *Hill v. Universal Am-Can, Ltd.*, No. 04-CV-209, 2007 WL 4355041 (E.D. Tex. Sep. 4, 2007). That case does not support plaintiffs' argument, however. In *Hill*, a party designated a police officer as an expert witness specifically to offer expert testimony on the position of certain vehicles at the time of impact. *Id*. at *4. Although the Court held he was not sufficiently qualified to opine on matters of a "scientific, technical or otherwise specialized knowledge," the Court reaffirmed the general principle that an investigating officer can "testify as to his opinions or inferences rationally based on his perceptions, helpful to a clear understanding of . . . the determination of fact in issue." *Id.*

Graco has not designated Trooper Hitchcock as an expert in this case. Instead, Trooper Hitchcock will testify only as to the results of his investigation and his observations at the scene of the accident. Even Plaintiffs do not dispute that Trooper Hitchcock is entitled to testify as to the factual findings he made as a result of his investigation of this accident. Moreover, as *Hill* recognized, Trooper Hitchcock is entitled to offer his opinions or inferences based on his perceptions in conducting the investigation, so long as those opinions or inferences are helpful to the jury. *Id.* The Court should therefore deny plaintiffs' motion.

### VI.   Motion *in Limine* #12 – Expert Opinions on Medical Causation Not Stated to a Reasonable Medical Probability

#### A.   Plaintiffs' *Daubert* Challenge is Untimely

The Court should disregard plaintiffs' motion *in limine* #12 because it is merely an attack on the qualifications of Graco's expert Catherine Corrigan and the foundation for her opinions, yet plaintiffs failed to file a *Daubert* motion regarding Dr. Corrigan, or raising the arguments they now seek to assert. The deadline for *Daubert* motions passed more than two months ago, and these arguments are therefore waived. *See Hernandez v. Gen. Motors Corp.*, No. C-04-319, 2001 WL 36103819, at *1 (S.D. Tex. July 3, 2001) (declining to consider motions *in limine* that raised challenges to validity of foundation and reliability of expert testimony because the *Daubert* deadline had passed, and noting, "Challenges to expert testimony may be waived for failure to adhere to deadlines.").

#### B.   Plaintiffs' Argument States in the Incorrect Legal Standard

Plaintiffs' argument also fails on the merits. Plaintiffs incorrectly imply that Texas law precludes a non-medical doctor from offering causation opinions. (*See* Pls.' Mot. 5–6.) First, plaintiffs argument misstates the applicable legal standard. This Court looks to state law only to determine the general kind of evidence necessary to establish the state law causes of action at issue. *Wackman v. Rubsamen*, 602 F.3d 391, 400 n.2 (5th Cir. 2010). Federal standards, however, govern admissibility, competency, and reliability of expert testimony. *Id.* Plaintiffs attempt to cite Texas state court cases in support of their argument that Dr. Corrigan's testimony lacks the requisite foundation is therefore unavailing. *See id.; see also Gamill v. Jack Williams Chevrolet, Inc.*, 983 S.W.2d 1, 12 (Tex. Ct. App. 1997) (holding that plaintiffs did not meet their burden of proof in demonstrating that proffered biomechanic's testimony was based on a reliable foundation under the Texas version of *Daubert*).

Plaintiffs further misrepresent both federal and Texas law regarding the admissibility of opinions by a biomechanic regarding injury causation. Both federal courts in this district, as well as Texas courts, have accepted the testimony of similarly qualified experts testifying about injury causation. *See, e.g.*, *Reynoso v. Ford Motor Co.*, No. B-03-120, 2005 WL 5994183, at *2 (S.D. Tex. Sept. 27, 2005) (finding biomechanic expert qualified to offer injury causation opinions in case involving motor vehicle accident); *Hernandez v. Swift Trans. Co.*, No. 09-CV-855, 2010 WL 3211058, at *3 (W.D. Tex. Aug. 10, 2010) (finding biomechanic expert who lacked doctorate in medicine "qualified as an expert to discuss the impact of a particular accident on the human body."); *Gen. Motors Corp. v. Burry*, 203 S.W.3d 514, 539, 541 (Tex. Ct. App. 2006) (holding that testimony of biomechanics engineer who lacked medical degree was reliable and supported plaintiff's burden of proof on causation).

In fact, in *Reynoso*, the court admitted the same biomechanics expert the *Gammill* court excluded. *Reynoso*, 2005 WL 5994183, at *2. The court held that his lack of a medical degree was not relevant to the admissibility of his injury causation opinions:

> Huston offered an explanation regarding the probably injury-producing forces of the accident based on [review of the medical records, police report, photographs of the accident and vehicle, and inspection of the vehicle]. Huston stated his observations of the wear on the seatbelt and the headliner in the Explorer. Nothing in Huston's testimony or report indicates an attempt to provide a diagnosis or cause of death. His lack of medical degree is not relevant to his qualifications for this particular case. Therefore, Huston is qualified to testify as a biomechanics expert. Huston's testimony on biomechanics and injury causation is relevant to the dynamics within the vehicle during the accident.

*Id.* Dr. Corrigan's analysis is the same in this case.[1] She reviewed J.M.'s medical records and relies on those records as to diagnosis—she is not making her own medical diagnosis, but instead

---

[1] There is no doubt that Dr. Corrigan is qualified to offer opinions regarding biomechanics in this case, and indeed plaintiffs failed to make a challenge to her qualifications in any *Daubert* motion. Dr. Corrigan has her Ph.D. in medical engineering from Harvard

is offering opinions about injury causation. (*See, e.g.*, Corrigan Rep. 13 ("According to his medical records, [J.M.] was diagnosed with abdominal injuries. . . .").) No case applicable here precludes biomechanic experts from offering opinions regarding injury causation, and Dr. Corrigan should be permitted to testify about such issues.

### VII.  Motion *in Limine* #13 – Evidence Regarding the Generic "Benefits" of Belt-Positioning Booster Seats

Plaintiffs seek to exclude general testimony by Graco's experts regarding how booster seats are used and the benefits they offer. Once again, their position is inconsistent with disclosed opinions by their own witnesses regarding the general benefits of five-point harness seats. For example, Plaintiffs' expert Gary Whitman has offered opinions that "forward-facing [child safety seats] with integrated harnesses maintains a child in a better position to ride down a crash event than does the an [*sic*] adult lap/shoulder belt with belt-positioning booster." (*See* Whitman Rep. 40 (Dkt. No. 95, Ex. G).) If Whitman's opinion about the general benefits of five-point harnesses is relevant, so too are Dr. Van Arsdell's opinions regarding the general benefits of booster seats. Moreover, testimony regarding the role of booster seats goes to the risk/utility analysis the jury will be asked to consider regarding the design of the TurboBooster. The Court should therefore deny plaintiffs' motion.

### VIII.  Motion *in Limine* #14 – Evidence of Collateral Sources that are Responsible for J.M.'s Medical Benefits

Graco does not oppose this motion, and does not intend to elicit evidence regarding collateral sources.

---

University—Massachusetts Institute of Technology; her master's degree in mechanical engineering from the Massachusetts Institute of Technology; and her bachelor's in science in bioengineering from the University of Pennsylvania. (*See* Corrigan Professional Profile (attached as Ex. C).)

## IX.     Motion *in Limine* #15 – Prior "Acts" of Plaintiffs and J.M.

Plaintiffs have designated photographs of Carmen McCune in an apparent attempt to cast her in a positive light relative to her care for J.M.  To the extent plaintiffs seek to introduce these photographs at trial, Graco reserves the right to rebut that evidence with other evidence refuting that image of Ms. McCune, including but not limited to photographs of J.M. as a small child on a riding lawnmower wearing nothing but a diaper, J.M. playing with electrical cords, and J.M. playing near window blind cords.

Additionally, to the extent this motion relates to photographs of J.M. taken in the days immediately preceding the accident in which J.M. is seated in his TurboBooster with the vehicle's shoulder belt behind his back, the motion should be denied.  Although Plaintiffs seek to exclude such evidence under Fed. R. Evid. 404(b), Graco is not intending to use these photographs in an effort to "smear" Ms. McCune's character, as Plaintiffs contend.  Rather, Graco intends only to use such evidence as a reference to Plaintiffs' use of the actual product at issue with J.M.  Moreover, even if Fed. R. Evid. 404(b) was the applicable standard, that rule is a "rule of inclusion that permits the admission of prior acts if probative to an aspect of the case and not offered merely to establish a character trait which would encompass the type of conduct in question." *Sparks v. Gilley Trucking Co., Inc.*, 992 F.2d 50, 52 (4th Cir. 1993).  As J.M.'s use of the TurboBooster is directly relevant and probative to the issues of this case, and not a "trait" for which Graco intends to impugn Plaintiffs' character, evidence thereof is admissible.

Moreover, plaintiffs have designated photographs, taken prior to the accident, of J.M. in his TurboBooster in which the vehicle's shoulder belt is allegedly properly positioned.  To the extent plaintiffs seek to introduce those photographs at trial, Graco is entitled to rebut that evidence with photographs showing misuse of the subject product.  Additionally, precluding any

reference to these photographs would be improper to the extent plaintiffs testify in a manner inconsistent with them at trial. *See Murphy v. Ford Motor Co.*, No. 07-864, 2009 WL 2998960 at *1-2 (W.D. La. Sept. 14, 2009) (denying plaintiff's motion *in limine*, in a product liability action, to exclude reference to prior instances of plaintiff's failure to ensure her child's use of vehicle restraints, as such evidence is properly used for "impeachment and credibility purposes" if plaintiff testified contrary to that evidence at trial); *United States v. Opager*, 589 F.2d 799, 802 n.5 (5th Cir. 1979) (citations omitted) (finding reversible error where district court improperly excluded extrinsic evidence to contradict testimony of witness on material issue); *United States v. Lopez*, 979 F.2d 1024, 1034 (5th Cir. 1992) (holding that extrinsic evidence "is admissible . . . to contradict specific testimony.").

Graco also objects to this motion to the extent it is vague. As it is worded, Plaintiffs are asking this Court to preclude any reference to, or evidence of, any "acts or events which took place in the lives of plaintiffs days and even years prior to the accident." (Pls.' Mot. 9). Such a request does not reasonably put Graco on notice of what evidence would be precluded at trial and it should therefore be denied.

     **X.**     **Motion *in Limine* #16 – Evidence Regarding the "Stuck" Speedometer**

Plaintiffs fail to cite a single case in support of their argument that the Arkansas State Trooper's photograph of the speedometer inside the Ford Explorer immediately after the accident is inadmissible. In fact, courts have regularly recognized the position of the speedometer needle after a collision is properly considered to determine a vehicle's speed at the time of accident. *See Collins v. Wayne Corp.*, 621 F.2d 777, 781 n.1 (5th Cir. 1980), *overruled on other grounds by* Fed. R. Evid. 103(a) (2000 amends.); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1344 (5th Cir. 1978); *Arnold v. Loose*, 352 F.2d 959, 961 (3d Cir. 1965); *Boldt v. Dow Chem. Co. Voluntary*

*Group Acc. Ins. Plan*, No. 06-cv-25, 2007 WL 2329873, at *9 (S.D. Tex. Aug. 15, 2007); *Powell v. United Parcel Serv., Inc.*, No. 08-cv-1621, 2011 WL 124600, at *1 (S.D. Ind. Jan. 13, 2011); *Huss v. United States*, 738 F. Supp. 1098, 1103 (W.D. Mich. 1990).

Plaintiffs' complaint about the photograph of the speedometer is that the speed it reflects—72 miles per hour, nearly 20 miles per hour over the posted speed limit—is not a reliable indication of speed and would be unduly prejudicial. Such an argument goes to the weight, not the admissibility, of this evidence, however. *See Brazos River Auth.*, 469 F.3d at 427 (rejecting Fed. R. Evid. 403 objection and stating, "'Unfair prejudice' as used in rule 403 is not to be equated with testimony that is merely adverse to the opposing party"). The Court should accordingly deny plaintiffs' motion.

## XI.     Motion *in Limine* #17 – Non-Disclosed Expert Opinions

Graco agrees that non-disclosed expert opinions are inadmissible, but disagrees with plaintiffs' prediction that Graco will attempt to offer non-disclosed opinions at the time of trial. Moreover, this rule should apply equally to plaintiffs, who have disclosed in their Witness List at least one expert whom they had never listed before and for whom they did not provide a Rule 26 report. (*See* Pls.' Witness List 1–2 (Dkt. No. 111) (listing Jeffrey Diehm, apparently an expert in imaging, for the first time).)

Graco further objects to plaintiffs' motion to the extent it seeks to preclude David Galambos from testifying. Graco disclosed Mr. Galambos as a fact witness consistently in its Rule 26 disclosures in this case, beginning with the first disclosure on February 19, 2010 (*see* Graco's Initial Fed. R. Civ. P. 26 Discl. (attached as Ex. D).) Plaintiffs nonetheless never requested his deposition, and thus it is their own choice that "it is unknown what his testimony might be in this case." (*See* Pls.' Mot. 14.) Moreover, as plaintiffs admit, they are in possession of two other prior transcripts of Mr. Galambos's testimony from TurboBooster cases. (*Id.*)

Plaintiffs' disingenuous claim that Mr. Galambos has no knowledge relevant to this case is contradicted by their own designation of his testimony from another matter. (*See* Pls.' Dep. Designations 4 (Dkt. No. 112).) Since Graco presumes plaintiffs did not designate testimony they believe is irrelevant to this case, their own designation thus disproves their argument that he should be excluded for lack of relevance. Plaintiffs also cited to portions of his prior testimony in their motions *in limine*. (*See* Dkt. No. 136 at 5 (citing Mr. Galambos's testimony from a prior TurboBooster case).) Graco is entitled to call Mr. Galambos to testify regarding issues relevant to this case about which he has knowledge, and the Court should deny the motion as to Mr. Galambos.

## XII. Motion *in Limine* #18 – Evidence of Carmen McCune's "Bad" Character

Plaintiffs have designated photographs of Carmen McCune in an apparent attempt to cast her in a positive light relative to her care for J.M. To the extent plaintiffs seek to introduce these photographs at trial, Graco reserves the right to rebut that evidence with other evidence refuting that image of Ms. McCune, including but not limited to photographs of J.M. as a small child on a riding lawnmower wearing nothing but a diaper, J.M. playing with electrical cords, and J.M. playing near window blind cords.

To the extent the Court overrules Graco's objection to plaintiffs' Exhibit 113A, regarding a settlement between Graco and the Consumer Products Safety Commission covering other products not the subject of this lawsuit, which plaintiffs are attempting to use for character assassination purposes as to Graco, Graco further submits that additional evidence of Carmen McCune's character should also be fair game.[2]

---

[2] Plaintiffs disclosed for the first time on the day before this brief was filed that they intended to introduce evidence of the Graco-CPSC settlement.

**WHEREFORE,** Graco Children's Products Inc. respectfully requests that the Court enter orders on Plaintiffs' Motions in Limine #7-#18 as set forth above.

        Respectfully submitted,

        /s/ Heidi Oertle
        Joseph J. Krasovec, III
        Heidi K. Oertle
        Schiff Hardin LLP
        233 S. Wacker, Suite 6600
        Chicago, Illinois 60606
        312-258-5500
        312-258-5600 facsimile

        John B. Greer III
        Texas Bar No. 08420000
        Greer & Miller
        3512 Texas Boulevard
        Texarkana, Texas 75503
        (903) 791-9300
        (903) 791-9301 facsimile

        Jeffrey S. Patterson
        Hartline Dacus Barger Dreyer LLP
        6688 N. Central Expressway, Suite 1000
        Dallas, Texas 75206
        (214) 346-3701
        (214) 267-4201 facsimile

        ATTORNEYS FOR DEFENDANT
        GRACO CHILDREN'S PRODUCTS INC.

-14-

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on July 29, 2011, she filed the foregoing document on all counsel of record via the Court's ECF system.

/s/ Heidi Oertle
Heidi Oertle
