IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| CHAD McCUNE, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:09-CV-107-DF |
| § | |
| GRACO CHILDREN'S PRODUCTS, § | |
| INC., et al., § | |
| § | |
| Defendants. § | |

**ORDER**

Trial began in the above-captioned case on August 15, 2011. On August 8, 2011, the Court entered an Order ruling on the parties' motions in limine. Dkt. No. 191. On August 22, 2011, Plaintiffs sought clarification from the Court regarding the Court's ruling regarding Defendant's shoulder belt "behind the back" theory. Specifically, Plaintiffs are asking the Court to clarify whether or not Defendant can present evidence and testimony regarding Test 6 run by Dr. William Van Arsdell. Plaintiffs argue that Test 6 should be excluded because the armrest of the TurboBooster used in Test 6 was not snapped or screwed in and thus, it was not run under substantially similar circumstances as the McCune accident.

Defendant responds that it wishes to present evidence of Test 6 to show the forensic marks that would exist in the collision if the armrest of the TurboBooster came out and the child had the shoulder belt positioned behind his or her back. Some of these forensics marks from Test 6 that Defendant wishes to show include webbing that is jammed in the latch plate and marks

1

present on the D-ring.  Plaintiffs respond that Test 6 is not appropriate for this purpose and is prejudicial to Plaintiffs because the dynamics are different in Test 6 from the McCune accident.  Plaintiffs argue that the dynamics differ between the two tests because the armrest was not snapped in or screwed in to the TurboBooster in Test 6, the dynamics involved in the loading of the belt system is different from the McCune accident.  Plaintiffs submit that evidence and testimony regarding Test 6 would only confuse the jury as to the issues.  Plaintiffs further argue that Test 3, which was identical to Test 6, except for the armrest being screwed in, will show some of the same forensic marks as Test 6.  Thus, according to Plaintiffs, Defendant can use Test 3 to illustrate some of the points that it wishes to make.

"In order for an experiment of this type to be admissible in evidence, it is not required that all the conditions shall be precisely reproduced, but they must be so nearly the same in substantial particulars as to afford a fair comparison in respect to the particular issue to which the test is directed." *Barnes v. General Motors Corp.*, 547 F.2d 275, 277 (5th Cir. 1977).  Defendant seeks to introduce Test 6 to show the forensic marks that would exist in the collision if the armrest of the TurboBooster came out and the child had the shoulder belt positioned behind his or her back.  Having considered counsels' arguments and Dr. Van Arsdell's report, the Court finds that evidence and testimony regarding Test 6 is admissible for such limited purpose.  The Court will so instruct the jury in the form of a limiting instruction.  **IT IS SO ORDERED.**
   **SIGNED this 22nd day of August, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE