IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| CHAD McCUNE, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:09-CV-107-DF |
| GRACO CHILDREN'S PRODUCTS, INC., et al., | § § § | |
| Defendants. | § § § | |

**VERDICT FORM**

**INTERROGATORY NO. 1**

Was there a design defect in the Graco TurboBooster at the time it left the possession of

Graco Children's Products Inc. that was a producing cause of Jason McCune's injuries?

"Producing cause" means a cause that was a substantial factor in bringing about the injuries, and without which the injuries would not have occurred. There may be more than one producing cause.

A "design defect" is a condition of the product that renders it unreasonably dangerous as designed, taking into consideration the utility of the product and the risk in its use. For a design defect to exist there must have been a safer alternative design.

"Safer alternative design" means a product design other than the one actually used that in reasonable probability—
(1) would have prevented or significantly reduced the risk of Jason McCune's injuries without substantially impairing the product's utility; and

1

(2) was economically and technologically feasible at the time the product left the control of Graco Children's Products Inc., by the application of existing or reasonably achievable scientific knowledge.

Answer "Yes" or "No".

Answer: _____No_____

*If you answered "No" to Interrogatory No. 1, then sign the verdict form at the last page and give it to the Court Security Officer.*

2

## INTERROGATORY NO. 2

*Answer this Interrogatory **ONLY** if you have answered "Yes" to Interrogatory No. 1.*

*Otherwise, do not answer this Interrogatory.*

Was the negligence of Carmen McCune, if any, a proximate cause of Jason McCune's

injuries?

"Negligence," when used  with respect to the conduct of Carmen McCune, means failure to use ordinary care, that is, failing to do that which a person or company of ordinary prudence would have done under the same or similar circumstances or doing that which a person or company of ordinary prudence would not have done under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Answer "Yes" or "No".

Answer: _____

3

## INTERROGATORY NO. 3

*Answer this Interrogatory <u>ONLY</u> if you have answered "Yes" to Interrogatory No. 1 <u>AND</u> "Yes" to Interrogatory No. 2.   Otherwise, do not answer this Interrogatory*.

The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage of causation attributable to a product or person is not necessarily measured by the number of acts, omissions, or product defects found.

For each product or person found by you to have caused the injury in question, find the percentage caused by

A. Graco Children's Products Inc.        _____%

B. Carmen McCune                _____%

**TOTAL 100 %**

4

## INTERROGATORY NO. 4

***Answer this Interrogatory only if you answered "Yes" to Interrogatory No. 1.***

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for Jason McCune's injuries?  Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.  Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Carmen McCune. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

Answer separately, in dollars and cents, for damages, if any.

a. Physical pain and mental anguish sustained by Jason McCune in the past.

Answer: _____

b. Physical pain and mental anguish that, in reasonable probability, Jason McCune will sustain in the future.

Answer: _____

5

c. Disfigurement sustained by Jason McCune in the past.

Answer: _____

d. Disfigurement that, in reasonable probability, Jason McCune will sustain in the

future.

Answer: _____

e. Physical impairment sustained by Jason McCune in the past.

Answer: _____

f. Physical impairment that, in reasonable probability, Jason McCune will sustain in

the future.

Answer: _____

g. Medical care expenses incurred in the past on behalf of Jason McCune.

Answer: _____

h. Medical care expenses that, in reasonable probability, will be incurred on behalf

of Jason McCune in the future by Chad and Carmen McCune from the time of trial until

Jason McCune reaches the age of eighteen years.

Answer: _____

6

i. Medical care expenses that, in reasonable probability, Jason McCune will incur

after he reaches the age of eighteen years.


Answer: _____

j. Loss of earning capacity that, in reasonable probability, Jason McCune will sustain in

the future after he reaches the age of eighteen years.


Answer: _____

7

## INTERROGATORY NO. 5

***Answer the following question only if you answered "Yes" to Question 1.***

Do you find by clear and convincing evidence that the harm to Jason McCune resulted from gross negligence attributable to Graco Children's Products Inc.?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Gross negligence" means an act or omission by Graco Children's Products Inc.
(a) which, when viewed objectively from the standpoint of Graco Children's Products Inc. at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
(b) of which Graco Children's Products Inc. had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

You are further instructed that Graco Children's Products Inc. may be grossly negligent because of an act by its employee, but only if –

(a) Graco Children's Products, Inc. authorized the doing and the manner of the act;

(b) the employee was unfit and Graco Children's Products Inc., was reckless in employing that employee;

(c) the employee was employed in a managerial capacity and was acting in the scope of employment; or

8

(d) Graco Children's Products Inc. or one of its managers ratified or approved the act or

omission.

Answer "Yes" or "No."

Answer:_____

Sign the verdict form and give it to the Court Security Officer.